### In re SIEGEL.

#### (District Court, E. D. New York. October 16, 1908.)

BANKRUPTCY (§ 175*) — PROPERTY PASSING TO TRUSTEE — PRETENDED SALE BY BANKRUPT.

A pretended sale of goods by a bankrupt a few days prior to his bankruptcy *held* fraudulent and void, and to convey no title as against creditors, but merely a device to apparently transfer the title while the ownership of the goods in fact remained in the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248; Dec. Dig. 175.*]

In Bankruptcy.

---

Cohen Bros., for trustee.
Louis Lichtenberg, for claimant.
Henry J. Bloch, for bankrupt.

CHATFIELD, District Judge.   About the 10th of September, 1907, some 201 pairs of shoes were taken to the apartment of one David Palles, a workman for Abraham Siegel.   The testimony shows that Siegel himself had carried these shoes to Palles' apartment.   On the 23d day of September, 1907, an involuntary petition in bankruptcy was filed against Siegel, who was adjudicated on the 10th day of October, 1907; but on October 5th of that year a city marshal seized the shoes in Palles' apartment by authority of a writ of replevin obtained by one Nadler, who claimed the goods by reason of a purchase made September 10, 1907, for $311.30.   This purchase was on the same day on which the goods were taken to Palles' apartment, and the testimony shows that Siegel and Nadler were negotiating with reference to the opening of a new place of business, which the bankrupt and Nadler both claimed belonged to Nadler, but which the evidence plainly indicated was in reality the property of Siegel, for whom Nadler was a dummy.   The receiver in bankruptcy demanded the shoes on motion, and the question as to whether the receiver was entitled to possession of the shoes was sent to a referee, as special commissioner.

The commissioner reported that a claim to the shoes made by Palles and his wife, the people with whom the shoes had been stored, was not substantiated; this claim having been based upon an alleged loan.   The commissioner's report on this point should be confirmed.   The circumstances of the alleged loan are not such as to satisfy the court that, if the money was advanced, it gave Mrs. Palles anything further than a claim against the bankrupt estate.

The commissioner further reported that Mr. Nadler had purchased the shoes in question, and that, therefore, the receiver was not entitled to them.   The court then filed a memorandum to the effect that the finding of the commissioner was apparently correct, in that the question sent to him as to whether the receiver was entitled to the shoes could only be answered in the way in which he had reported; but, inasmuch as a question of title was involved, opportunity would be given to the trustee to bring such action as he might be advised, or if all of the parties, including the trustee, who had then been appointed, should consent and request the court to pass upon the issues, upon the record then before the court, and thus avoid the expense of an additional suit, the matter would be held until one course or the other was indicated.   The parties, including the claimants and the trustee, have now stipulated that the court shall determine the issue of title, and the evidence seems to show with sufficient clearness that no sale to Nadler occurred which would either be valid as against creditors or which would convey title.   The entire transaction between Siegel and Nadler was such that Nadler must be held to have known that he was in effect acting as a dummy, and that Siegel was planning to set up the business in Nadler's name.   Nadler was, therefore, a party to the fraud, and the whole transaction should be held null and void.

Judgment may be had in favor of the trustee as against all of the parties. The question of any lien of the marshal in the replevin proceedings for his fees and disbursements will be disposed of on the settlement of the order, when further information on that subject may be furnished.